UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIKA GREEN,

Plaintiff,

v. Case No. 8:23-cv-2650-CPT

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
______________________________/

**O R D E R**

Before the Court is the Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 35). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action against the Defendant Commissioner of Social Security in November 2023, seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits and Supplemental Security Income. (Doc. 1). In August 2024, at the Commissioner's request, the Court reversed the Commissioner's decision and remanded the case for further proceedings before the Social Security Administration. (Doc. 24). The Clerk of Court entered Judgment for

the Plaintiff the next day. (Doc. 25). Roughly four months later, the Plaintiff sought and obtained $3,608.14 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 33). As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits. (Doc. 35-1).

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b) approving fees in the amount of $18,814.25 for the services her attorney rendered in this lawsuit. (Doc. 35). According to the SSA, this figure is less than twenty-five percent of the past-due benefits awarded, which is the statutory fee limit for the legal work undertaken on remand before a district court. *See* 42 U.S.C. § 406(b); (Doc. 35-1 at 4). This sum does not conflict with the Plaintiff's fee agreement with her attorney, as that agreement provides for a contingency fee of twenty-five percent of her past-due benefits. (Doc. 35-2 at 1). According to the Plaintiff, her lawyer is aware of his obligation to reduce the contingency fee by the amount of the previous EAJA award. (Doc. 35 at 3). The Commissioner does not oppose the Plaintiff's fee motion. (Doc. 35 at 7).

II.

Section 406(b) governs the authorization of attorney's fees in Social Security actions where, as here, a district court remands the matter to the Commissioner for further proceedings, and the Commissioner thereafter grants a claimant past-due benefits. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam). Under such a scenario, a claimant may return to the district court—as the

Plaintiff has done here—and ask for fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019).

The requested fee amount, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure this is the case, section 406(b) mandates that a court engage in an independent review of a counsel's fee arrangement with his client. *Gisbrecht*, 535 U.S. at 807. As part of its oversight role, a court may direct that an attorney supply "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. A court may also require that the approved fee figure be offset by any previous fee award or by any fees due to counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in claiming fees under both the EAJA and section 406(b) normally must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). A lawyer may do so either by deducting the earlier EAJA award from the subsequent section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson*, 601 F.3d at 1274.

Here, the Plaintiff's sought-after fee figure of $18,814.25 is predicated upon 14.75 hours of legal services her counsel, Michael A. Steinberg, furnished on this

appeal.[1] (Doc. 35-3 at 1). This sum encompasses all the legal work Mr. Steinberg performed before the Court and—as noted above—is consistent with the Plaintiff's contingency fee agreement, as the requested amount does not exceed twenty-five percent of the total past-due benefits granted to the Plaintiff. (Docs. 35-1, 35-2). In light of these facts, as well as the nature and extent of the professional assistance provided, the positive results achieved, and the Commissioner's lack of opposition to the Plaintiff's motion, the Court finds that the proposed fee figure is reasonable. *See Brown v. Comm'r of Soc. Sec. Admin.*, 2024 WL 4529664, at *2 (M.D. Fla. Oct. 1, 2024), *report and recommendation adopted*, 2024 WL 4529245 (M.D. Fla. Oct. 18, 2024); *Ocasio v. Comm'r of Soc. Sec.*, 2024 WL 4135793, at *1 (M.D. Fla. Sept. 10, 2024); *White v. Comm'r of Soc. Sec.*, 2012 WL 1900562, at *6 (M.D. Fla. May 2, 2012), *report and recommendation adopted*, 2012 WL 1890558 (M.D. Fla. May 24, 2012).

III.

Based upon the foregoing, it is hereby ORDERED:

1. The Plaintiff's motion for attorney's fees (Doc. 35) is granted, and the Plaintiff shall be awarded fees in the amount of $18,814.25 pursuant to 42 U.S.C. § 406(b).

2. Upon receipt of these monies, Plaintiff's counsel shall promptly refund to the Plaintiff the previously authorized EAJA fee award totaling $3,608.14.

---

[1] At the conclusion of Plaintiff's motion, her counsel requests $18,841.25 in fees. The Court believes this sum to be a scrivener's error, as the fee figure otherwise referenced in the motion is $18,814.25.

3. This action shall be closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 10th day of November 2026.



HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record